**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| IN RE: ) | Case No. 11-70127-FJS |
| ) | Chapter 11 |
| **HEADGEAR, INC.,** ) | |
| ) | |
| Debtor in Possession. ) | |
| ) | |
| ) | |
| **RBC BANK (USA),** ) | |
|    a North Carolina corporation, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| **HEADGEAR, INC.,** ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR RELIEF FROM AUTOMATIC
STAY PROVISIONS OF 11 U.S.C. § 362(a)**

RBC Bank (USA), a North Carolina corporation ("**RBC**"), by counsel and pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure and L.B.R. 4001(a)-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, moves the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division ("**Bankruptcy Court**"), for the entry of an order granting RBC relief from the automatic stay provisions of 11 U.S.C. § 362(a) to enforce the Loan Documents (as that term is defined in paragraph 8). In support of its motion, RBC respectfully states as follows:

Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
Kaufman & Canoles, a professional corporation
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone:(757) 624-3000
Facsimile: (757) 624-3169

*Counsel for RBC Bank (USA)*

### Jurisdiction

1. This is a contested matter brought in the Case (as this term is defined in paragraph 2) pursuant to 11 U.S.C. § 362(d)(1) and (d)(2). Therefore, it is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (G) and (O). The Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Parties

2. On January 12, 2011, Headgear, Inc. ("**Debtor**"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code, as case number 11-70127-FJS ("**Case**"), at which time an order for relief was entered. The Debtor designs, manufacturers, markets, distributes, sells and licenses men's, women's, and youth apparel accessories, and related products. The Debtor continues in possession of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. A trustee has not been appointed in the Case.

3. RBC is now, and at all times relevant to this controversy has been, a North Carolina corporation, and is the holder of the Notes (as defined in paragraph 6) and the secured party under the Security Agreement (also as defined in paragraph 6), and as such, is a secured creditor of the Debtor, as more fully explained below.

### Underlying Facts

**A.    The Obligations**.

4. On or about July 13, 2007, RBC, then known as RBC Centura Bank, loaned to Headgear the original principal amount of One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000). The loan is evidenced by a Promissory Note (the "**$1,500,000 Note**") dated July 13, 2007, made, executed, and delivered by Headgear and payable to RBC Centura Bank, the predecessor name of RBC, the current owner and holder of the $1,500,000 Note. A copy of the $1,500,000 Note is attached as hereto **Exhibit 1**.

2

5.  Additionally, on or about October 22, 2008, RBC loaned to Headgear the original principal amount of up to Eleven Million Five Hundred Thousand and 00/100 Dollars ($11,500,000). The loan is evidenced by a Commercial Promissory Note (the "**$11,500,000 Note**") dated October 22, 2008, made, executed and delivered by Headgear and payable to RBC, the current owner and holder of the $11,500,00 Note. A copy of the $11,500,000 Note is attached hereto as **Exhibit 2**.

6.  To secure the payment and other obligations due under the $1,500,000 Note and the $11,500,000 Note (hereafter collectively, the "**Notes**"), Headgear made, executed and delivered, a Security Agreement dated October 22, 2008, whereby Headgear granted to RBC a continuing security interest in and lien upon the personal property described on Exhibit A to the Security Agreement, (hereafter the "**Collateral**"), consisting, among other things, of inventory and accounts. A copy of the Security Agreement is attached hereto as **Exhibit 3**.

7.  RBC's security interest in the Collateral was perfected by the filing of a UCC Financing Statement in the Clerk's Office of the Secretary of the Commonwealth on October 24, 2008.

8.  RBC is the current owner of the Notes and the secured party under the Security Agreement. The Notes, Security Agreement, and the other loan documents executed in connection with the loans collectively are referred to as the "**Loan Documents**."

**B.    The Loan Balances**.

9.  The following amounts are due under the $1,500,000 Note as of February 24, 2011:

|   |   |   |
|---|---|---|
| a. | Principal | $770,918.10 |
| b. | Interest | 9,251.02 |
|   | TOTAL | $780,169.12 |

Interest continues to accrue at the rates stated in the $1,500,000 Note. In addition, reasonable attorneys' fees and other costs and charges are due as provided in the Loan Documents.

10. The following amounts are due under the $11,500,000 Note as of February 24, 2011

|  |  |  |
|---|---|---:|
| a. | Principal | $3,869,394.96 |
| b. | Interest | 415,759.04 |
| c. | Late Charges | 18,466.31 |
|  | TOTAL | $4,303,620.31 |

Interest continues to accrue at the rates stated in the $11,500,000 Note. In addition, reasonable attorneys' fees and other costs and charges are due as provided in the Loan Documents.

C. **Specific Facts Supporting Relief**.

11. Pursuant to a Motion for Authority to Use Cash Collateral filed by the Debtor, the Debtor and RBC entered into an agreement concerning the use of cash collateral, approved by this Court, whereby RBC could withdraw its consent to the Debtor's use of cash collateral. If this withdrawal of consent occurred, the Debtor would have two (2) days within which to request an expedited hearing with the Court to consider a request to permit further use.

12. During the afternoon of February 23, 2011, RBC's Counsel advised the Debtor's Counsel that RBC was withdrawing its consent to the Debtor's use of cash collateral. Two days have passed since such notification was made, and the Debtor has not made a request for an expedited hearing to consider a request for a further use of cash collateral. Therefore, the Debtor is no longer permitted to use cash collateral.

13. Furthermore, the Debtor agreed, in writing, on three (3) separate occasions, that in the event it shall file bankruptcy or be the subject of an order for relief under Title 11 of the U.S. Code, RBC immediately shall be entitled to relief from any automatic stay imposed by

Section 362 of Title 11 of the U.S. Code against the exercise of its rights under the Loan Documents.

### Grounds for Relief

**CAUSE – 11 U.S.C. § 362(d)(1)**

14. As a result of the foregoing, including the Debtor's prohibition from further use of cash collateral, RBC's interest in the Collateral is not being adequately protected, and cause exists to grant RBC relief from the automatic stay to exercise its rights against the Collateral.

15. Also, as a result of the Debtor's written agreement, on three (3) separate occasions, that RBC shall have relief from the automatic stay to exercise its rights against the Collateral in the event the Debtor files a petition in bankruptcy or is the subject of an order for relief, cause exists to grant RBC relief from the automatic stay to exercise its rights against the Collateral.

**NO EQUITY/NOT NECESSARY – 11 U.S.C. § 362(d)(2)**

16. There is no equity in the Collateral for the benefit of the Debtor's creditors. The value of the Collateral is significantly less than the amount owed to RBC.

17. 11 U.S.C. § 362(d)(2)(B) requires that the Debtor establish that the Collateral is both needed for its reorganization to be successful and that a reorganization is feasible within a reasonable time. While the Debtor may believe that the Property is necessary for its reorganization, since the Debtor can no longer use cash collateral a feasible plan cannot be filed or timely confirmed.

### NOTICE

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in the Case. (If you do not have an attorney, you may wish to consult one).**

**If you do not wish the Bankruptcy Court to grant the relief sought in the motion, or if you want the Bankruptcy Court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written response explaining your position with the Bankruptcy Court and serve a copy on the undersigned. Unless a written response is filed and served within this 14-day period, the Bankruptcy Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice of hearing.**

**If you mail your response to the Bankruptcy Court for filing, you must mail it early enough so the Bankruptcy Court will receive it on or before the expiration of the 14-day period.**

**You will be notified separately of the hearing date on the motion.**

WHEREFORE, RBC Bank (USA) prays that the Bankruptcy Court enter an order terminating the automatic stay provisions of 11 U.S.C. § 362(a) to permit RBC to exercise its remedies, legal and equitable, under state law and under the Loan Documents against the Collateral.

**RBC BANK (USA)**

By:  */s/ Dennis T. Lewandowski*
           Counsel

Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele:   757-624-3000
Fax:    757-624-3169
*Counsel for RBC Bank (USA)*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2011, a true copy of the foregoing *Motion for Relief from Automatic Stay Provisions of 11 U.S.C. § 362(a)* is being filed with the Bankruptcy Court's Electronic Case Filing System, which will send a Notice of Electronic Filing (NEF) to the following:

>Karen M. Crowley, Esq. (VSB No. 35881)
>Ann B. Brogan, Esq. (VSB No. 25567)
>Crowley, Liberatore & Ryan, P.C.
>1435 Crossways Boulevard, Suite 300
>Chesapeake, VA 23320
>Telephone: (757) 333-4500
>Facsimile: (757) 333-4501
>Email: kcrowley@clrfirm.com
>       abrogan@clrfirm.com

>Debera F. Conlon, Assistant
> United States Trustee
>Office of the United States Trustee
>Room 625, Federal Building
>200 Granby Street
>Norfolk, VA 23510

and also being sent by U.S. Mail, postage prepaid, to the Twenty (20) Largest Unsecured Creditors and parties in interest shown on the attached **Schedule 1**.

>            */s/ Dennis T. Lewandowski*

DOCSNFK-#1725791-v1